UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-06416-RGK-SSC | Date | October 28, 2025 |
| Title | *Dhrumil Purohit v. Mark Hyman et al.* | | |

| | | |
|---|---|---|
| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendants Mark Hyman and Hyman Digital, LLC's Motion to Dismiss [19]

## I. INTRODUCTION

On July 14, 2025, Dhrumil Purohit ("Plaintiff") filed a complaint against Mark Hyman and Hyman Digital, LLC ("Defendants") asserting claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud; (4) unjust enrichment / restitution; and (5) fraudulent filing of information returns under 26 U.S.C. §7434.

By way of the current motion, Defendants seek dismissal of this action. (ECF 19.) For the following reasons, the Court **GRANTS** the motion and dismisses the case.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges as follows:

Plaintiff began working with Defendants in 2015 as Hyman Digital's ("HD") Chief Executive Officer and minority member. In 2019, Plaintiff and Defendants founded Farmacy, LLC ("Farmacy"). In 2023, the parties' relationship soured when Plaintiff resigned as HD's CEO, and Defendants did not pay Plaintiff's HD equity buyout fee. Plaintiff then initiated a lawsuit in Massachusetts and arbitration in California. Thereafter, Plaintiff and Defendants attempted to settle. One contention during preliminary negotiations was whether the payment for Plaintiff's equity buyout would be characterized as regular income or capital gains. Eventually, Defendants agreed to pay Plaintiff $1,671,052 in exchange for Plaintiff's equity in HD, reduced from $2,421,052 to account for Plaintiff also buying out Defendants' equity in Farmacy. Parties then entered into a settlement agreement on August 30, 2024. ("Settlement Agreement").

Pursuant to the Settlement Agreement, Plaintiff dismissed the Massachusetts litigation and California arbitration. Defendants then served Plaintiff three 2024 IRS forms: "(1) a form 1099-B Form

UNITED STATES DISTRICT COURT   JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06416-RGK-SSC | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Dhrumil Purohit v. Mark Hyman et al.* | | |

from HD to Mr. Purohit identifying $318,410 in proceeds for Mr. Purohit's shares in HD, (2) a 1099-MISC Form from HD to Mr. Purohit identifying $1,352,642 in 'other income', and (3) a 1099-MISC Form from Dr. Hyman to Mr. Purohit identifying $3,000,000 in 'other income.'" (Compl. ¶ 9, ECF No. 1.) After further negotiations, Defendants amended the 1099-B form to reflect $0 but did not amend the other two 1099-MISC forms (the "1099s"). Plaintiff then initiated this lawsuit.

### III. JUDICIAL STANDARD

Under Rule 12(b)(6), a complaint may be dismissed when the plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint as true. *Barker v. Riverside Cnty Office of Edu.*, 584 F.3d 821, 824 (9th Cir. 2009). A pleading must contain sufficient factual matter that, accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.* However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations. *W. Mining Counsel v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

### IV. DISCUSSION

Taking Plaintiff's allegations as true, Plaintiff fails to allege a cognizable legal claim for relief for breach of contract; breach of the implied covenant of good faith and fair dealing; fraud; unjust enrichment / restitution; and fraudulent filing of information returns.

#### A. Breach of Contract

Plaintiff claims Defendants breached the Settlement Agreement when Defendants filed the 1099s. To claim breach of contract under Massachusetts law,[1] "[a] plaintiff[] must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff[] sustained damages as a result of the breach." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007). A plaintiff "must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep." *Id.* (citing *Buk. v. Am Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007)).

Here, Plaintiff alleges that Defendants "breached the Settlement Agreement by inaccurately reporting the result of the effect of the Settlement Agreement to the IRS through the filing of the Fraudulent 1099s." (Compl. ¶ 63.) However, Plaintiffs point to no actual provision of the Settlement Agreement that Defendants breached. The Settlement Agreement contains no terms as to how to report

---

[1] In this diversity action, the Settlement Agreement is governed by Massachusetts law. (Settlement Agreement, Ex. A ¶ 2, ECF No. 1-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06416-RGK-SSC | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Dhrumil Purohit v. Mark Hyman et al.* | | |

to the IRS the payment, let alone a term that prohibits Defendant from filing specific 1099s. The only provision related to the IRS within the Settlement Agreement is related to serving IRS Schedule K-1 forms, which indicate the termination of Plaintiff's and Defendants' interest in HD and Farmacy respectively. (*See* Settlement Agreement, Ex. A ¶ 9, ECF No. 1-1.) Because Plaintiff fails to allege the specific contractual provision that Defendants breached, Plaintiff's breach of contract claim must fail.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing, implied in every Massachusetts contract, provides that "neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract." *Anthony's Pier Four, Inc. v. HBC Associates,* 411 Mass. 451, 471–72 (1991). However, the covenant cannot be invoked to create rights and duties not contemplated by the existing contractual relationship, rather, the covenant concerns the manner of performance of existing contractual duties. *See UNO Restaurants, Inc. v. Boston Kenmore Realty Corp.,* 441 Mass. 376, 385–86 (2004); *Ayash v. Dana-Farber Cancer Inst.*, 443 Mass. 367, 385 (2005).

Plaintiff's claim for breach of the covenant of good faith stems from rights and duties not contemplated by the original settlement agreement. For example, Plaintiff alleges that Defendants breached the covenant by interfering with "[Plaintiff's] right to receive the benefits of the Settlement Agreement and undermined the purpose of the Settlement Agreement by willfully filing the Fraudulent 1099s." (Compl. ¶ 70.) Yet, as mentioned before, there was no obligation for Defendants under the settlement agreement to refrain from filing the 1099s.

Furthermore, Plaintiff does not contest that he received the full rights and benefits of the written agreement, which included the $1.6 million payout, transfer of rights in Farmacy, and the dismissal of Defendant's counterclaims in a previous suit. We decline to allow Plaintiff to invoke the covenant of good faith and fair dealing for duties not arising out of the original contract, such as refraining to file the 1099s. *See UNO*, 441 Mass. at 388 ("The purpose of the covenant of good faith and fair dealing is not to supply contractual terms that the parties are free to negotiate.").

### C. Fraud

A claim for fraud requires a plaintiff to allege that (1) defendant made a false representation of material fact with knowledge of its falsity, and (2) plaintiff reasonably relied on the representation of fact to his detriment. *See Balles v. Babcock Power Inc.*, 476 Mass. 565, 573 (2017).

Plaintiff alleges that Defendants committed fraud in settlement negotiation conversations when "Defendants repeatedly attempted to modify [settlement] terms in order to claim that their payments to [Plaintiff] could be categorized as regular income and not capital gains." (Compl. ¶ 76.) According to the Complaint, Plaintiff refused these modifications, and Defendants agreed. (*Id.* ¶ 77.)

UNITED STATES DISTRICT COURT                    JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06416-RGK-SSC | Date | October 28, 2025 |
|---|---|---|---|
| Title | ***Dhrumil Purohit v. Mark Hyman et al.*** | | |

Attempts to negotiate the modification of terms during the settlement phase are not false representations of fact. Even if Plaintiff's conclusory allegations that Defendants only eventually agreed to Plaintiff's objections regarding the categorization of payment to "induce [Plaintiff] into executing the Settlement Agreement" (Compl. ¶ 82), Plaintiff fails to allege how this agreement is a false material statement of fact. Plaintiff does not allege that Defendants explicitly said that they would treat Plaintiff's payment as capital gains and refrain from filing certain tax forms, like the 1099s.[2] Rather, Plaintiff and Defendants were engaged in business negotiations, where parties routinely agree and disagree over certain points. Thus, Plaintiff fails to allege the first component of fraud, and accordingly his claim must fail.

### D. Unjust Enrichment

Unjust enrichment requires "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention of the benefit by the defendant under circumstances which make such acceptance or retention inequitable." *Stevens v. Thacker*, 550 F. Supp. 2d 161, 165 (D. Mass. 2008).

Plaintiff fails to sufficiently allege the first element. Plaintiff alleges that Defendants "seek to deduct millions of dollars in what they would otherwise owe to the IRS while simultaneously saddling Mr. Purohit with additional and improper tax burdens" by issuing the 1099 Forms. (Compl. ¶ 92.) This future prediction of what Defendants will receive does not constitute a benefit conferred for purposes of unjust enrichment. *See Bonina v. Sheppard,* 91 Mass. App. Ct. 622, 625 (2017) ("Unjust enrichment occurs when a party *retains* the property of another.") (emphasis added). Furthermore, it is unclear from the face of the Complaint that if Defendants were to receive the benefit, how the benefit would be unjust. *Id.* ("Whether the benefit was unjust turns on the reasonable expectations of the parties"). (quotations omitted). Because Plaintiff fails to allege the first element, Plaintiff does not state a plausible claim for unjust enrichment.

### E. Tax Claims

Plaintiff brings a claim under 26 U.S.C. § 7434 for fraudulent filing of the 1099s. Section 7434 a) provides a person may bring a civil action for damages "[i]f any person willfully files a fraudulent information return" with the IRS. 26 U.S.C. § 7434(a). This private right of action applies only if the person *willfully files* a fraudulent information return. *See Katzman v. Essex Waterfront Owners LLC*, 660 F.3D 565, 568 (2d Cir. 2011) (emphasis in original). Willfully filing connotes a "voluntary, intentional violation of a legal duty that requires intentional wrongdoing." *Gidding v. Zurich Am. Ins. Co.*, 2015 WL

---

[2] Plaintiff only alleges that after Defendants attempted to modify the Settlement Agreement to characterize the payment as regular income instead of capital gains, Plaintiff refused "and Defendants seemingly agreed." (Compl. ¶¶ 76,77.) This is not a sufficient allegation to show a false statement of material fact.

UNITED STATES DISTRICT COURT             JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-06416-RGK-SSC | Date | October 28, 2025 |
|---|---|---|---|
| Title | *Dhrumil Purohit v. Mark Hyman et al.* | | |

6871990, at *6 (N.D. Cal. Nov. 9, 2015) (quoting *Vandenheede v. Vecchio*, 541 F. App'x. 577, 580 (6th Cir. 2013)). "Violations based on a good faith misunderstanding of one's legal obligations cannot be willful, even if that misunderstanding is arguably unreasonable." *Gidding v. Zurich Am. Ins. Co.*, 2017 WL 3394150, at *4 (N.D. Cal. Aug. 8, 2017).

Plaintiff alleges that Defendants' purported fraudulent 1099s were filed willfully "because Defendants attempted to convince [Plaintiff] to categori[ze] these transactions as regular income during the negotiations and, when that failed, pretended to agree to [Plaintiff's] terms to induce him into signing the Settlement Agreement and dismissing the Massachusetts Lawsuit and Farmacy Arbitration." (Compl. ¶ 99.) Plaintiff cites Defendants' edits to the Settlement Agreement in support of this notion. (Compl. ¶ 41; Compl. Ex. H, ECF No. 1-8; Compl. Ex. I at 2, ECF No.1-9.)

The Settlement Agreement comments, however, do not establish that Defendants acted with "intentional wrongdoing" when they filed the 1099s. At most, the comments made by Defendants to the Settlement Agreement show a good faith attempt at negotiation. Furthermore, Plaintiff's argument centers around Defendants' mindsets during settlement negotiations, not Defendants' mindsets during the filing of the 1099s as required by § 7434(a). Because Plaintiff fails to plausibly allege that Defendants acted with the requisite mindset of "intentional wrongdoing" when filing the 1099s, Plaintiff's claim under § 7434(a) must fail.

### V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss.

All pending dates are vacated. The Clerk shall close this action.

**IT IS SO ORDERED.**

                                                                        :
                              Initials of Preparer        JRE/sh